## WEAVER AND ANOTHER v. LEWIS.

Where there was judgment by default, and the Clerk committed an error against the defendants, in the calculation of interest, and the defendants filed their petition and bond for a writ of error, after which the plaintiff filed a release of the excess of interest, the Supreme Court re-formed the judgment at the costs of the plaintiff below.

Error from Smith. The bond for the writ of error was filed August 31st, 1853. On the 7th of September the plaintiff below filed a release for the excess of interest.

*Bowdon & Chilton*, for plaintiffs in error, cited Holland v. Cook, 10 Tex. R. 244. This case wholly unlike that of Ramsey v. McCauly, 9 Tex. R. 106.

*C. Lewis*, for himself. The party had a remedy, if the error was simply in a miscalculation, different from a writ of error. (Hart. Dig. Art. 652, 786.)

LIPSCOMB, J. The judgment in this case was rendered by default, and an error was committed by the Clerk in the cal-

culation of interest, making an excess of thirty-seven dollars over what it should have been. The judgment must be corrected; and the only question is as to which party shall pay the cost. It appears that the defendants in the judgment, before taking out a writ of error, notified the plaintiff of the error and asked a release, or remittitur, for the excess. This was not done in a way to make it available to the defendants, and the writ of error was sued out. Under such circumstances, we believe the correction of the judgment should be made at the cost of the plaintiff in the Court below, which is accordingly ordered.

Judgment re-formed.